**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-20060**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**FRANCISCO MENDOZA-MORA, also known as Francisco Mendoza, also known as Francisco Mora, also known as Santiago Romero,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court,**
**for the Southern District of Texas**
**(4:97-CR-218)**
_____

September 16, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Francisco Mendoza-Mora ("Mendoza"), a previously deported Mexican national, challenges his guilty-plea conviction for illegal reentry into the United States, in violation of 8 U.S.C. § 1326. He contends that the district court's failure to comply with FED. R. CRIM. P. 11(d) (inquiry whether plea product of force or threats) requires that his conviction be vacated.

---

[*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Violations of Rule 11 are reviewed for harmless error. FED. R. CRIM. P. 11(h); ***United States v. Johnson***, 1 F.3d 296, 301-03 (5th Cir. 1993) (en banc). We do so even where, as here, no objection was raised in the district court. *See **United States v. Reyna***, 130 F.3d 104, 107 n. 2 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 1328 (1998).

It is undisputed that the district court failed to inquire whether Mendoza's plea was the product of force or threats, as Rule 11(d) requires. However, ***Johnson*** requires for reversal that a Rule 11 violation be "a material factor affecting [defendant]'s decision to plead guilty". 1 F.3d at 302 (internal quotation marks and citation omitted). Mendoza does not state that his plea was the product of threats or force or that he would have pled differently had a proper Rule 11 colloquy taken place. Absent even such minimal counter-assertion now, Mendoza's statements at the plea hearing that he wanted to plead guilty; that there existed no "promise ... of any kind" inducing the plea; and that the underlying facts of the indictment were true, compel the conclusion that, had Rule 11(d) been followed, Mendoza would still have pled guilty. Therefore, under ***Johnson***, the district court's variance from Rule 11 procedures is harmless error.

***AFFIRMED***